IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,
Plaintiff,

v.

JAMES HOWARD JOHNSON
Defendant.

Case No. 12–CR–40075–JPG

## **ORDER**

Before the Court is the Government's Motion to Authorize Payment from Inmate Trust Account. (ECF No. 52). The defendant, James Howard Johnson, did not respond.

In 2013, the Court sentenced Johnson to a 160-month term of imprisonment and ordered him to pay $9,065 in restitution for his role in a bank robbery. (Judgment at 5, ECF No. 41).

Now, the Government says that Johnson has $1,448.45 in his inmate trust account. (Gov't Mot. at 3). The Bureau of Prisons encumbered $1,235.42 of that balance; and the Government seeks authorization to turn the funds over to the Clerk of Court to partly satisfy Johnson's debt. (Gov't Mot. at 3–5).

"If a person obligated to provide restitution, or pay a fine, receives substantial resources from any source . . . during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed." 18 U.S.C. § 3664(n).

There are specifically enumerated exceptions for property that cannot be seized to satisfy a debt obligation; but none apply here:

1. Wearing apparel and schoolbooks;

2. Fuel, provisions, furniture, and personal effects in the inmate's household;

3. Books and tools of a trade, business, or profession;

    4. Unemployment benefits;

    5. Undelivered mail;

    6. Certain annuity and pension payments;

    7. Workers' compensation;

    8. Cash set aside to satisfy a child-support obligation;

    9. Certain service-connected disability payments; and

    10. Assistance under the Job Training Partnership Act.

*See* 26 U.S.C. § 6334(a)(1)–(8), (10), (12) ("Property exempt from levy"); 18 U.S.C. § 3613 (a)(1) (citing § 6334(a)(1)–(8), (10), (12)).[1]

Johnson still owes $3,449.88 in restitution; yet he as $1,448.45 in his account. (Gov't Mot. at 1–2). And the Government can use all "available and reasonable means" to enforce a criminal monetary penalty. *See* 18 U.S.C. §§ 3616(a), (f), 3663(m). The Court, therefore, **ORDERS** the Government to turn over the encumbered $1,235.42 to the Clerk of Court to partly satisfy Johnson's debt.

    **IT IS SO ORDERED.**

**Dated: Friday, May 7, 2021**

                                                  S/J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **UNITED STATES DISTRICT JUDGE**

---

[1] The Court notes that none of the exceptions encompass the CARES Act stimulus checks, which are "technically an advance on a tax credit, known as the Recovery Rebate Credit." *See* Ann Carrns, *Is My Stimulus Payment Taxable? And Other Tax Questions*, N.Y. Times (last updated Mar. 6, 2021), https://nyti.ms/33dGAyB.