IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

   Plaintiff,

       v.

JAMES HOWARD JOHNSON,

   Defendant.

Case No. 12-cr-40075-JPG-7

## MEMORANDUM AND ORDER

This matter comes before the Court on consideration of defendant James Howard Johnson's *pro se* motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10, making Amendment 821 retroactive (Doc. 60).  Counsel voluntarily appeared for the defendant and has moved to withdraw because he does not believe the defendant is eligible for a reduction (Doc. 66).[1]  *See Anders v. California*, 386 U.S. 738, 744 (1967).  Neither the Government nor the defendant has responded to counsel's motion to withdraw, although they were given an opportunity to do so.

The defendant pled guilty to one count of armed bank robbery.  At sentencing, the Court found the defendant's offense level based on his offense and its characteristics was 28.  However, the Court found the defendant was a career offender, so under U.S.S.G. § 4B1.1 his offense level became 32.  That offense level was reduced by 3 points under U.S.S.G. § 3E1.1(a) and (b) because the defendant timely accepted responsibility for his crime.  This established a total offense level of 29.

---

[1] Counsel's motion refers to "Mr. Lawson" rather than "Mr. Johnson," but the Court believes this is a typographical error as the motion is captioned with the proper name and the argument is applicable to the facts of Johnson's case.

The defendant had accumulated 10 criminal history points because of prior convictions plus 2 points because he was under a criminal sentence when he committed the offense of conviction ("status points"). *See* PSR ¶¶ 53-54. However, those points were irrelevant because his career offender status, not his accumulation of points, established his criminal history category as VI. *See* PSR ¶ 56. This yielded a guideline sentencing range of 151 to 188 months in prison. The Court imposed a sentence of 168 months with 8 months' credit for time served.

The defendant now asks the Court to apply recent changes to the Sentencing Guidelines to lower his sentence. Specifically, Part A of Amendment 821 amended U.S.S.G. § 4A1.1(e) (2023) and concerns criminal history status points. For defendants who received status points and had 7 or more criminal history points for prior convictions, Amendment 821 provides that their 2-point assessment be reduced to 1 point.[2] Amendment 821 is retroactive. *See* U.S.S.G. § 1B1.10(d) (2023).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.

The defendant does not satisfy the first criterion because he was not "sentenced to a term

---

[2] Part B of Amendment 821 concerns defendants with no criminal history points. This does not apply to the defendant because he was assessed criminal history points.

of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2).   It is true that Part A of Amendment 821 reduced the defendant's criminal history points under U.S.S.G. § 4A1.1 from 12 to 11.   However, his criminal history points were irrelevant because solely his career offender status determined his criminal history category of VI, and that status remains unchanged.   *See* U.S.S.G. § 4B1.1(b).   Thus, Amendment 821 did not result in a lower criminal history category, so it did not lower the defendant's sentencing range.

For the foregoing reasons, the Court **GRANTS** counsel's motion to withdraw (Doc. 66) and **DENIES** Johnson's *pro se* motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. Amendment 821 (Doc. 60).   CJA Panel Attorney Paul E. Sims is **TERMINATED** as counsel in this case with the Court's sincere thanks for accepting this representation *pro bono*.

**IT IS SO ORDERED.**
**DATED:   May 8, 2024**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**U.S. DISTRICT JUDGE**